UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAWANZA LEWIS and DEVON ANDREW,           Case No. 23 CV 3239
          Plaintiffs,

    -against-                                                                **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE
FABIAN R. MODESTO [TAX REG. # 950897],          **JURY DEMAND**
and JOHN DOE AND JANE DOE #1-4 (the
names John and Jane Doe being fictitious, as
the true names are presently unknown),
          Defendants.
------------------------------------------------------------------------X

Plaintiffs, JAWANZA LEWIS and DEVON ANDREW, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Fabian R. Modesto [Tax Reg. # 950897], and John Doe and Jane Doe #1-4 (collectively, "defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

THE PARTIES

4. Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective Fabian R. Modesto [Tax Reg. # 950897] was at all times material herein a police officer or detective employed by the NYPD. He is named here in his official and individual capacities.

8. Defendants John Doe and Jane Doe #1-4 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

9. Defendants Modesto and John Doe and Jane #1-4 are collectively referred to herein as "defendant officers".

10. At all times material to this Complaint, the defendant officers acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about November 22, 2019, at approximately 8:00 p.m., defendant officers, acting in concert, arrested plaintiffs without cause at or within the vicinity of Mr. Lewis' home which is located at 476 East 94th Street, Brooklyn, New York, and initially did not charge the plaintiffs with any crime or offense.

12. Prior to the arrest, plaintiffs were attending a funeral with Mr. Lewis driving his car and Mr. Andrew seated in the front passenger seat.

13. Initially, defendant officers blocked Mr. Lewis with their police vehicle as he was pulling out of his driveway.

14. Mr. Lewis inquired as to the reason why he was blocked from pulling out of his driveway.

15. Eventually, defendant officers moved their police vehicle out of Mr. Lewis' driveway.

16. Thereafter, as soon as Mr. Lewis pulled out of his driveway, defendant officers pulled him over.

17. Earlier on November 21, 2019, defendant officers had accosted Mr. Andrew and their friends, Jahpike Adams, Ataba Jack, and Meli, while they were located across from Mr. Lewis' home.

18. When Mr. Lewis attempted to intervene at the time to find out what was going on, defendant officers threatened to arrest him and directed him to return back to his home.

19. Upon pulling the plaintiffs over, defendant officers immediately directed them to step out of the vehicle.

20. Upon stepping out of the vehicle as they were directed, defendant officers forcibly grabbed the plaintiffs, pulling and pushing them.

21. Defendant officers proceeded to tightly handcuff the plaintiffs with their hands placed behind their backs causing the plaintiffs to experience pain and numbness in their hands.

22. Defendant officers essentially perp walked the plaintiffs from Mr. Lewis' home to the end of his street where they were eventually placed inside a police vehicle and transported to NYPD-67th Precinct.

23. Plaintiffs repeatedly inquired as to the reason for their arrest.

24. Defendant officers ignored the plaintiffs' inquiries.

25. While at the precinct, defendant officers subjected the plaintiffs to illegal and unlawful search.

26. Defendant officers also seized and/or impounded Mr. Lewis' vehicle, drove it to the precinct, and, upon information and belief, performed an illegal and warrantless search of the vehicle.

27. Defendant officers did not recover any contraband from their unlawful search of the plaintiffs and the vehicle.

28. At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued

29. that the plaintiffs saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

29. Defendant officers interrogated the plaintiffs at the precinct for a lengthy period of time asking them questions about guns and gangs in their neighborhood.

30. Defendant officers seemed to indicate that Mr. Lewis should not have questioned them or tried to intervene in the November 21, 2019 incident.

31. On November 23, 2019, after detaining the plaintiffs at the precinct for a lengthy period of time, defendant officers issued a traffic ticket to Mr. Lewis falsely charging him with N.Y. Veh. & Tr. L. § 375(12-a)(b)(2) 'Equipment', and also caused a legal process to issue against Mr. Andrew falsely charging him with N.Y. PL 221.05 'Unlawful possession of marihuana'.

32. Upon release, Mr. Lewis' vehicle was also released to him.

33. Upon entering inside his vehicle, Mr. Lewis observed that the vehicle was thoroughly searched and that several items were moved around, damaged and/or missing.

34. Mr. Lewis subsequently appeared in the traffic court to defend the false charges levied against him.

35. On or about May 21, 2020, the false charge(s) levied against Jawanza was summarily dismissed for lack of evidence.

36. Mr. Andrew subsequently appeared in the criminal court to defend the false charges levied against him.

37. Upon information and belief, the false charge(s) levied against Mr. Andrew was eventually dismissed for lack of evidence.

38. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

39. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

40. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

41. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. Defendant officers arrested the plaintiffs without probable cause or reasonable grounds.

43. The conduct of defendant officers, as described herein, amounted to false arrest.

44. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

45. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

46. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. Defendant officers purposely or knowingly used unreasonable force against the plaintiffs.

48. There was no legitimate governmental interest in defendant officers' unnecessary and wanton infliction of pain and suffering upon the plaintiffs.

49. The conduct of defendant officers, as described herein, amounted to excessive use of force.

50. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

52. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. Defendant officers manufactured evidence against the plaintiffs which was relied upon to initiate actions against the plaintiffs.

54. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of due process rights.

55. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

56. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

57. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. Defendant officers routinely harass the plaintiffs and would often stop, frisk, search, and detain the plaintiffs whenever they run into them.

59. Defendant officers did not have any reasonable grounds to believe that the plaintiffs were engaged (or had planned to engage) in any criminal activity.

60. Defendant officers by their conduct as described herein subjected plaintiffs to unlawful stop & frisk and unreasonable search & seizure.

61. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

62. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

63. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

65. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

66. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

67. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

68. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. Defendant officers arrested the plaintiffs in retaliation for questioning their conduct on November 21, 2019 and November 22, 2019, respectively.

70. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

72. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. Based on the false testimony of defendant officers, the plaintiffs were prosecuted.

74. Plaintiffs were required to, and did, appear in court to defend themselves from the false charges levied against them with malice by defendants.

75. Eventually, the proceeding(s) terminated in plaintiffs' favor.

76. Because of the conduct of the defendants, plaintiffs were maliciously prosecuted for a lengthy period of time.

77. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

78. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

79. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

80. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not

commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

82. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

83. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

84. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

85. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 84 of this complaint as though fully set forth herein.

86. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

87. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

88. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

89. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

90. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

91. Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, routinely harass individuals who are members of various racial/ethnic minority groups and have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See*, *e.g.*, *Eddie Hoover v. City of New York* (21 CV 2484); *Mike Josie v. City of New York* (21 CV 2486); *Shaheim Rogers v. City of New York* (19 CV 3360); *Sianna Stewart v. City of New York* (18 CV 4841).

92. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Tiara Weber v. City of New York* (22 CV 4518); *Tony Holley v. City of New York* (21 CV 4682); *Dwayne Holley v. City of New York* (21 CV 4681); *Bilal Jacks v. City of New York* (20 CV 1012); *Trevonne King v. City of New York* (19 CV 3361); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

93. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

94. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs, incarcerated them, and abused and/or assaulted the plaintiffs.

95. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

96. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

97. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

98. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and

assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

100. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

101. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

102. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

103. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

105. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants</u>

106. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 105 of this complaint as though fully set forth herein.

107. Based on the false testimony of defendants, the plaintiffs were prosecuted.

108. Plaintiffs were required to, and did, appear in court to defend the false charges levied against them with malice by defendants.

109. Eventually, the proceedings terminated in plaintiffs' favor.

110. Because of the conduct of the defendants, plaintiffs were maliciously prosecuted for a lengthy period of time.

111. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants</u>

112. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained injuries with the accompanying pain.

114. The conduct of the defendants, as described herein, amounted to assault and battery.

115. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

116. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

118. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention, and imprisonment by defendants.

119. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

120. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

122. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

123. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

124. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

125. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

126. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       April 28, 2023

UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
    Ugochukwu Uzoh
    Attorney for the Plaintiff
    56 Willoughby Street, Third Floor
    Brooklyn, N.Y. 11201
    Tel. No: (718) 874-6045
    Fax No: (718) 576-2685
    Email: u.ugochukwu@yahoo.com

15